UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GRACIELA TOLEDO, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:07CV1746 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Movant Graciela Toledo's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed October 12, 2007. (Doc. No. 1).

## BACKGROUND

By way of background, on February 2, 2007, Movant plead guilty to one count of conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The Plea Agreement recommended a base offense level of 28. The Plea Agreement also recommended a full three level decrease if Movant accepted responsibility for her conduct under Section 3E1.1 of the Sentencing Guidelines. The Plea Agreement further noted two levels could be deducted under Section 2D1.1(b)(9), the Safety Valve provision, but stated the Government did not anticipate Movant would be eligible as she refused to submit to the required Section 5C1.2(a)(5) interview. The parties thus estimated a total offense level of 25. The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Report.

The Plea Agreement contained the following provisions regarding Movant's waiver of post-conviction rights:

(1) **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(a) **Non-Sentencing Issues:** In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.

(b) **Sentencing Issues:** In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level, and the Criminal History Category.

(2) *Habeas Corpus*: The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government has made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the conviction or sentence in any post conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

On April 11, 2007, Movant was sentenced to 60 months imprisonment, followed by supervised release for four years. No direct appeal was filed. In the instant § 2255 Motion, filed October 12, 2007[1], Movant alleges she received ineffective assistance of counsel, in that her counsel failed to file a notice of appeal. (Memorandum in Support of Motion to Reduce Sentence Pursuant to 28 U.S.C. § 2255, PP. 25-29).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

---

[1] "A 1-year period of limitation shall apply to a motion under [§ 2255]." 28 U.S.C. § 2255. "The limitation period shall run from...(1) the date on which the judgment of conviction becomes final". 28 U.S.C. § 2255(1). As stated above, Movant entered a guilty plea on February 2, 2007, and was sentenced on April 11, 2007. Movant had ten days to file a notice of appeal after the sentencing date. The present motion, filed October 12, 2007, thus is within the 1-year limitation period pursuant to § 2255.

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## **DISCUSSION**

As stated above, in her § 2255 Motion Movant maintains she received ineffective assistance of counsel, in that her counsel failed to file a notice of appeal. On February 27, 2009, this Court held an evidentiary hearing, in order to determine the facts relating to the alleged failure to file a notice of appeal on the part of Movant's counsel. Upon consideration of the evidence adduced at the

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

February 27, 2009, hearing, the Court finds Movant sufficiently has demonstrated her attorney failed to file a notice of appeal in her criminal case, despite Movant's explicit directive to do so.

"An attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling the [movant] to § 2255 relief." Evans v. United States, 2006 WL 1300672 at *5 (E.D. Mo. May 8, 2006). "No inquiry into prejudice or likely success on appeal is necessary." Id., citing Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992). Under Eighth Circuit law, the appropriate remedy for such a failure is to re-sentence Movant, "thus affording the [Movant] an opportunity to take a timely direct appeal." Barger v. United States, 204 F.3d 1180, 1182 (8th Cir. 2000) (citations omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant Graciela Toledo's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federa1 Custody (Doc. No. 1) is **GRANTED** in part and **DENIED** without prejudice in part.

**IT IS FURTHER ORDERED** that Ground 4 of Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) is **GRANTED**, and Movant's sentence in her criminal case (Cause No. 4:06CR715 JCH, Doc. No. 56) is **SET ASIDE**.

**IT IS FURTHER ORDERED** that a hearing will be held on **May 14, 2009**, at **9:30 a.m.** in the courtroom of the undersigned. The purpose of the hearing will be to re-sentence Movant in her criminal case, Cause No. 4:06CR715 JCH.

**IT IS FURTHER ORDERED** that the presence and participation of Graciela Toledo, Inmate # 01547-112, is required for the re-sentencing hearing.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant Graciela Toledo, Inmate # 01547-112, from FCI Victorville, in Adelanto, California, to this Court, to attend the May 14, 2009, hearing.

**IT IS FURTHER ORDERED** that Stephen R. Welby, WELBY LAW FIRM, 1221 Locust Street, Suite 407, St. Louis, MO, 63103, phone 314-436-1888, fax 314-436-1811, is appointed to represent Movant in Cause No. 4:06CR715 JCH.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send a copy of this Order to the United States Probation Office for this District.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file this Order in Cause No. 4:06CR715 JCH.

**IT IS FURTHER ORDERED** that the remaining grounds of Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. No. 1) are **DENIED** without prejudice.

Dated this 6th day of April, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE